■ THERESA FRAIOLI, Appellant, et al., Plaintiff, v AUGUST LINDINE et al., Respondents.—In an action, *inter alia,* for partition, plaintiff Theresa Fraioli appeals from a judgment of the Supreme Court, Westchester County, dated October 28, 1975, which dismissed the action upon the trial court's grant, during a nonjury trial, of defendants' motion to dismiss, made at the commencement of the trial. Judgment reversed, on the law and in the interest of justice, and new trial granted, with costs to abide the event. The answers of both defendants are deemed amended so as to assert, as a separate affirmative defense, that Eliza Gagliardi had executed a deed to the property in question in her capacity as executrix of the estate of Vincenzo Gagliardi. Appellant, if she be so advised, may conduct disclosure proceedings with respect to such affirmative defense; such proceedings shall take place at a time and place to be fixed in a written notice of not less than 10 days, to be given by appellant, or at such time and place as the parties may agree. The complaint sought partition based upon appellant's claim that defendant Lindine held title pursuant to a deed executed and recorded in November, 1955, bearing the signatures of appellant (one of several remaindermen), her mother (the executrix and life tenant) and appellant's siblings (other remaindermen), and that her purported signature was a forgery. The answer of defendant Lindine asserted various affirmative defenses, in the course of which reference was made to *deeds* by which appellant and others, including Eliza Gagliardi (appellant's mother), "individually and as Executrix * * * sold and conveyed" the property to him. The summons and complaint were served on November 2, 1973, 18 years after the purported conveyance. At that time the only recorded deed (hereinafter referred to as the "group deed") was the one questioned by appellant and it named, as the grantors, "Eliza Gagliardi, William Gagliardi, Theresa Fraiola [the appellant] and John Gagliardi." The latter three were the children of the decedent, Vincenzo Gagliardi, and of Eliza Gagliardi. Vincenzo Gagliardi's will named

Eliza as executrix and life beneficiary of his entire estate, and devised the estate to his children upon her death. Some six weeks after institution of the action, on December 14, 1973, there was recorded a second deed relating to the same property, bearing the same date as the group deed, and naming the same grantee—August Lindine. The sole named grantor was "Eliza Gagliardi * * * as executrix under the last will and testament of Vincenzo Gagliardi". Eliza Gagliardi had died in October, 1973, about six weeks before the deed naming her as sole grantor was recorded. Neither defendants' answers to the original complaint, nor their answers to the amended complaint, specifically referred to that deed. Apparently the existence of the deed in 1955, and its recordation in December, 1973, were not known to appellant or to her counsel. Since appellant's counsel did not request particulars as to the affirmative defenses, nor seek a deposition of the defendant Lindine, he apparently did not learn of the executrix' deed until the opening of the trial. At that time defendants orally moved for summary judgment on the ground that, since the executrix' deed conveyed full title (pursuant to former Decedent Estate Law 813, effective at the time of the transfer, which empowered an executor to sell real property absent a prohibition in the will), there was no need to be concerned about the validity of appellant's signature on the group deed. Pending determination of the motion (with appellant's counsel being given time to submit a memorandum), the handwriting experts of both parties testified as to the validity of appellant's signature on the group deed and appellant herself also began to testify. While the trial was still in progress, the court granted defendants' oral motion. Appellant asserts that there were issues as to the executrix' deed which required a trial, including the genuineness of her mother's signature on that deed; whether her mother had the capacity to know she was transferring her children's interests as well as her own; whether she actually received consideration; and whether there was fraud, trickery or undue influence. Certainly, whatever the issues might be, they were foreclosed from consideration by the court's grant of defendants' motion and, since such motion was oral, there were no affidavits to factually demonstrate that there were no issues to be tried. We hold that, under the circumstances, it was the obligation of defendants to specifically assert the executrix' deed as an affirmative defense in their answers (see CPLR 3018, subd [b]). It constituted a matter "likely to take the adverse party by surprise" and also "would raise issues of fact not appearing on the face of a prior pleading". The complaint alleged that defendant Lindine purported to hold title based upon a stated recorded deed (the group deed) and that appellant's signature thereon was a forgery. The executrix' deed, not recorded when the action was instituted, clearly raised issues of fact not appearing on the face of the complaint (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3018:13, 3018:16). The references to "deeds", the plural, in defendant Lindine's answer, concealed more than they revealed. Appellant's counsel would naturally assume that any deed which would obviate the necessity of proving the validity of the signatures on the group deed would either have been recorded by the time he made his prelitigation investigation, or specifically asserted in the answer. Defendant Lindine points to paragraph SEVENTH of his answer, wherein reference is made to Eliza Gagliardi "as Executrix", as proof of sufficient warning to appellant of an executrix' deed. That paragraph reads: "That in or about 1955 for value of consideration paid by the Defendant, AUGUST LINDINE, to the Plaintiffs herein and others including Elisa [sic] Gagliardi, individually and as Executrix of the Last Will and Testament of

the Estate of aforesaid Vincenzo Gagliardi, deceased sold and conveyed the aforementioned lots 133 and 134 and deeded and conveyed aforesaid lots 133 and 134 to the Defendant, AUGUST LINDINE, herein." It can be gleaned from this grammatically imprecise and obscure paragraph that among the persons *paid* was Eliza Gagliardi, both individually and as executrix, but not specifically that she had *signed* any deed in her capacity as executrix. It is not surprising that appellant's counsel was not alerted to the dangers lurking in such obscure language. The executrix' deed, if valid, would be a complete bar to appellant's claim. The complaint clearly demonstrated that appellant had no knowledge of that deed and that, if not pleaded, it would "take the adverse party by surprise" (see CPLR 3018), as indeed it did. In the interests of justice and because of the failure to comply with CPLR 3018 (subd [b]), there should be a new trial. Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.